UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONARD C. GILLIAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | Case No. 4:14-CV-1496-SPM |
| ) | |
| DEAN MINOR, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned on the petition of Missouri state prisoner Leonard C. Gilliam ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 6). For the following reasons, the petition will be denied.

**I.  FACTUAL BACKGROUND**

In November 2009, Petitioner was charged as a prior and persistent offender with one count of robbery in the first degree pursuant to Mo. Rev. Stat. § 569.020 and one count of armed criminal action pursuant to Mo. Rev. Stat. § 571.015. Resp't Ex. A, at 8.[1] The information was later amended to charge Petitioner as a prior and persistent offender. *Id.* at 10-11. Petitioner pleaded guilty to both offenses. *Id.* at 21. At the plea hearing, the prosecutor stated, *inter alia*, that the state would prove beyond a reasonable doubt the following. On November 13, 2009,

---

[1] Unless otherwise specified, page numbers refer to the numbering of the electronically filed document.

1

Petitioner approached a vehicle and asked about a cigarette. Transcript of Guilty Plea and Sentencing Proceedings ("Guilty Plea Tr."), at 6.[2] One of the three men in the vehicle gave him a cigarette, and Petitioner asked for a light for it. *Id.* Petitioner then stuck his hand in his pocket, which the men said contained some sort of object, and Petitioner ordered the men to get out of the car or he would shoot them. *Id*. at 7. The three men exited the vehicle. *Id.* Petitioner then got in the vehicle and drove away. *Id.* Petitioner was arrested driving the vehicle a day later. *Id.* The three men identified Petitioner's photo in a lineup. *Id.* Petitioner testified that the evidence as stated by the prosecutor was substantially correct. *Id.*

Petitioner testified that he understood that the range of punishment was 10 to 30 years or a sentence of life for the robbery charge and three years to life for the armed criminal action charge; that he had time to discuss this range thoroughly with his plea counsel; that he had no questions about it; and that he and his plea counsel had reached an agreement with the prosecutor as to the sentence to be imposed in his case. *Id.* at 7-8. Petitioner confirmed that the agreed-upon sentence was fifteen years for the robbery charge and three years for the armed criminal action charge, to be served concurrently. *Id.* at 9. Petitioner testified that no one had made any promises or threats to him or his family to induce him to plead guilty; that his attorney had answered all of his questions; and that he had been given enough time to discuss his case with his attorney. *Id.* at 10-11. Petitioner had some complaints about his plea counsel's performance, testifying that she could have "put enough time and effort into fighting the case as a whole," that she could have filed a motion to dismiss the case based on a speedy trial violation (which he filed *pro se*), and that she could have done further investigation into the fact that the victims were found in

---

[2] The Transcript of Guilty Plea and Sentencing Proceedings is found at pages 12 through 20 of Respondent's Exhibit A. The page numbers cited in the text of the opinion refer to the numbering in the hearing transcript.

possession of marijuana. *Id.* at 11-17. However, he also testified that his plea counsel had obtained discovery on his behalf, including a deposition at which facts were discovered about the victims' drug possession; that she had argued his *pro se* motion to dismiss on the record; that he was not aware of any witnesses that she did not contact; that he had talked with her about the evidence he had that he wanted to bring to the court's attention in his defense; and that she had answered all of his questions about the defenses he talked to her about. *Id.* at 12-17. Petitioner also testified that his attorney had advised him of his legal rights and of the consequences of pleading guilty. *Id.* at 18. Upon questioning by the court, Petitioner testified that he understood that he was waiving several specific rights, including the right to have a jury trial, the right to require the state to prove his guilt beyond a reasonable doubt, and the right to appeal. *Id.* at 18-20. Petitioner told the court that he wanted to plead guilty to the charges against him and that he was guilty as charged, and the court accepted his plea. *Id.* at 22-23.

After accepting Petitioner's plea, the court sentenced Petitioner to a term of imprisonment of fifteen years on the count of robbery in the first degree and three years on the count of armed criminal action, to run concurrently. *Id.* at 23-24. At that time, the court again asked Petitioner about his view of his counsel's assistance in his case. Petitioner stated that his counsel "could have gave [sic] the case overall more effort" and that "she failed to thoroughly investigate the case and inform me." *Id.* at 26-28. However, he also testified that he had sufficient opportunity to discuss his case with his counsel before he entered his plea of guilty; that his counsel did the things he asked her to do before he entered his plea of guilty; and that she had not communicated any threats or promises to him to induce him to enter his plea of guilty. *Id.* at 26-29. The court found there was no probable cause to suggest that Petitioner had received ineffective assistance of counsel. *Id.* at 29.

Petitioner filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. Resp't Ex. A, at 30-34. He also filed an amended motion, through appointed counsel, in which he raised one claim: ineffective assistance of plea counsel that caused an involuntary guilty plea. *Id.* at 44-53. Petitioner alleged that he had only pleaded guilty because his plea counsel pressured him to accept the plea or likely face a harsher sentence, and he stated that he did not feel comfortable proceeding to trial because his counsel "seemed unprepared and uninterested." *Id.* at 48-49. The motion court denied the motion. *Id.* at 57-64. Petitioner raised the same claim in his appeal, Resp't Ex. B, at 10-12, and the Missouri Court of Appeals affirmed the denial of the motion, Resp't Ex. D.

In the instant *pro se* petition, Petitioner asserts three grounds for relief: (1) that his guilty plea was involuntary because it was based on ineffective assistance of counsel; (2) that he was denied his right to a speedy trial under Mo. Rev. Stat. § 217.460, Missouri's Uniform Mandatory Disposition of Detainers Law ("UMDDL"); and (3) that his plea counsel had a "conflict of interest" in that she moved for a continuance against Petitioner's wishes.

## II. LEGAL STANDARDS

### A. Legal Standard for Reviewing Claims on the Merits

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant habeas relief to a state

prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedents "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence) (citing 28 U.S.C. § 2254(e)(1)).

### B. Legal Standard for Procedurally Defaulted Claims

To preserve a claim for federal habeas review, "a state habeas petitioner must present that claim to the state court and allow that court an opportunity to address his claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *accord Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

### III. DISCUSSION

As a preliminary matter, the Court will address Respondent's contention that Petitioner cannot challenge his armed criminal action conviction because he does not satisfy the "in custody" requirement of 28 U.S.C. § 2254(a) with respect to that conviction. The Court agrees with Respondent. "The federal habeas statute gives the United States district courts jurisdiction

to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)). The Supreme Court has interpreted the statute "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490-91.

Here, Petitioner's three-year sentence for armed criminal action was set to run concurrently with his fifteen-year sentence for robbery. He completed his armed criminal action sentence in December 2012—nearly two years before he filed the instant habeas petition. Resp't Ex. E, at 3. Thus, it appears that he does not satisfy the "in custody" requirement with respect to any challenge to his armed criminal action conviction, and this Court lacks jurisdiction to consider a challenge to that conviction. *See Beckwith v. Koster*, No.4:16-CV-1098-CDP, 2016 WL 3924187, at *1-*2 (E.D. Mo. July 21, 2016) (finding court had no jurisdiction over habeas claim challenging state sentence that had already expired and that been running concurrent to his longer federal sentence; stating, "Where, as is the case here, the sentence under challenge has fully expired, the custody requirement is not met.") (citing *Mays v. Dinwiddle*, 580 F.3d 1136, 1140-41 (10th Cir. 2009)). However, it is undisputed that Petitioner satisfies the "in custody" requirement with regard to his robbery conviction. It does not appear that any of Petitioner's three claims is directed specifically to the armed criminal action conviction. Thus, the Court will address each of the three claims.

### A. Ground One: Involuntary Guilty Plea Due to Ineffective Assistance of Counsel

In Ground One, Petitioner asserts that his guilty plea was involuntary because his plea counsel told him that if he did not take a fifteen-year plea agreement, he would probably end up with a sentence of twenty-five to thirty years. Petitioner argues that his plea was made "out of

7

fear rather than guilt." Pet'n, Doc. 1, at 5. Although his petition contains no additional detail regarding the nature of this claim, Petitioner's state court filings indicate that he felt pressured to enter a plea of guilty rather than proceeding to trial because his attorney informed him it was likely he would be convicted and would receive a long sentence, and also because his attorney seemed "unprepared and uninterested" in his case and thus he felt he had no choice other than to plead guilty. Resp't Ex. B, at 15-16. Petitioner also asserted that he did not have sufficient time to consider the consequences of pleading guilty before entering his plea. *Id.* at 16. The motion court denied the motion on the merits, Resp't Ex. A, at 57-64, and the Missouri Court of Appeals affirmed the denial of the motion, Resp't Ex. D.

After a guilty plea, collateral review of the plea "is ordinarily confined to whether the guilty plea was both counseled and voluntary." *Pennington v. United States*, 374 F. Supp. 2d 813, 816 (E.D. Mo. 2005) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). A plea is voluntary if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In the context of a guilty plea, a defendant who pleaded guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill*, 474 U.S. at 56-57. The Supreme Court has held that the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 689 (1984), applies to ineffective assistance claims in the guilty plea context. *Hill*, 474 U.S. at 57-59. To satisfy the first prong, sometimes known as the "deficient performance" prong, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 57. "Judicial scrutiny of counsel's performance must be highly deferential," and the petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance" and might be considered sound trial strategy. *Strickland*, 466 U.S. at 689 (citation and internal quotation marks omitted). To satisfy the second prong in the guilty plea context, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential' standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell*, 535 U.S. at 698-99. "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

In evaluating this claim, the motion court found that in advising Petitioner regarding his potential punishment, Petitioner's plea counsel had exercised the customary skill and diligence a reasonably competent attorney would exercise under similar circumstances. *Id.* at 61-62. The motion court noted that plea counsel "gave correct punishment information to movant," and "offered her opinion as to the likely outcome of a trial." Resp't Ex. A, at 61. The motion court found that Petitioner's claim that he felt uncomfortable proceeding to trial with his attorney because she seemed unprepared and uninterested was refuted by the record, which showed that plea counsel had appropriately requested and followed up on discovery, appropriately sought a continuance so she could follow up on information in a late-disclosed police report, filed a motion to suppress identification, argued Petitioner's motion to dismiss the case based on speedy

9

trial issues, advised Petitioner throughout the case, and negotiated a favorable sentence for him. *Id.* at 61-62. The motion court found that although Petitioner "certainly felt pressure" to plead guilty, that pressure was created by the facts of the case and the possible range of punishment and was "not created by ineffective or unprepared counsel." *Id.* at 62. The motion court further stated:

> The court file and the transcript of the plea proceeding evidences a person who, on June 20, 2011, was fully informed about the charges against him, about what the state's evidence would be at trial, about his possible defenses at trial, about the range of punishment, and about his attorney's opinion that there was a substantial likelihood he would be found guilty. He had no additional witnesses for his attorney to contact. There were no defenses he had not reviewed with his attorney. Knowing all this, Movant told the court he did not want to go to trial and told the court he was pleading guilty because he was guilty as charged. Movant made a knowing, intelligent and voluntary plea of guilty to the charges against him.

*Id.* at 63.

Similarly, in evaluating this claim on appeal, the Missouri Court of Appeals stated:

> [A]t the plea hearing, Movant testified repeatedly that he had enough time to discuss the plea with his counsel. Movant further testified he discussed with his counsel all the defenses Movant thought were relevant, and his counsel answered all of his questions about those defenses. In addition, Movant testified he was not pleading guilty because he had been promised something or had been threatened. Eventually, Movant stated he was not satisfied with his counsel and that she should have investigated more. However, earlier in the proceeding, Movant had stated he had no complaints or criticisms of his counsel. Moreover, Movant's complaint that his counsel was not prepared was a conclusory assertion unsupported by the factual record. The motion court found that there was no probable cause to support the conclusion that movant received ineffective assistance of counsel. Based on the record, we find the motion court did not clearly err in finding Movant's claim was refuted by the record.

Resp't Ex. D, at 5.

The Missouri courts' determination that Plaintiff's plea counsel was not ineffective and that he made a knowing, intelligent, and voluntary plea was reasonable and supported by the record. The first prong of *Hill* is not satisfied here, because Petitioner cannot not show that his

10

counsel's performance was deficient. The motion court found that plea counsel accurately advised Petitioner about the length of the potential sentence he faced (a matter of Missouri law), and this Court may not "second-guess the decision of a Missouri state court on Missouri law." *See Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012). Petitioner also offers no facts or arguments to suggest that his counsel's advice that he was likely to be convicted at trial was erroneous or unreasonable. It was not deficient performance for plea counsel to accurately inform Petitioner of his potential sentence or of her opinion of the likelihood that he would be convicted. In addition, the state courts reasonably found that the record refuted Petitioner's contention that his plea counsel was unprepared, was uninterested in his case, failed to investigate his case, or coerced him into making a plea. The transcript of the plea hearing shows that Petitioner testified that his plea counsel had answered all of this questions; that his plea counsel had discussed all defenses, discovery, and witnesses with him; that his plea counsel had argued his *pro se* motion to dismiss based on an alleged speedy trial violation; that his plea counsel had investigated the case and conducted a deposition; that his plea counsel had not threatened him or offered him promises to induce him to accept the plea; that he had read and understood the plea agreement and gone over it with his attorney, who answered all of his questions about it; and that he wanted to plead guilty to the agreed-upon sentence. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). The state courts' findings that Petitioner's counsel was not ineffective and that

Petitioner made a voluntary and intelligent choice to plead guilty are well-supported by Petitioner's own statements and the record as a whole.

For all of the above reasons, the Missouri courts' finding that Petitioner's guilty plea was not involuntary due to ineffective assistance of plea counsel was reasonable and supported by the record, and Ground One will be denied.

### B. Ground Two: Violation of Right to Speedy Trial Under Missouri Law

In Ground Two, Petitioner argues he was denied his right to a speedy trial under Mo. Rev. Stat. Section 217.460, the Uniform Mandatory Disposition of Detainers Law ("UMDDL"). Petitioner asserts that he submitted a request for final disposition on September 13, 2010, and that he was therefore entitled to final disposition of his case within 180 days of filing his request. He asserts that his request was ignored and his trial date was continued, against his wishes, to June 20, 2011.

Petitioner's assertion that his rights under the UMDDL were violated is not cognizable for purposes of federal habeas review. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Thus, "[v]iolation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994). *See also Crenshaw v. Larkins*, No. 4:09-CV-336-JCH, 2012 WL 886823, at *2 (E.D. Mo. Mar. 15, 2012) (holding that the petitioner's claim that the state failed to bring his case to trial pursuant to the UMDDL was "not cognizable in a federal habeas petition"). Because Ground Two is not cognizable, it must be denied.

Petitioner does not appear to be alleging a violation of his right to a speedy trial under the Sixth Amendment to the United States Constitution. To the extent that he does intend to allege

12

such a claim, he waived that claim by pleading guilty. The Eighth Circuit has held that a guilty plea, knowingly and voluntarily entered, constitutes a waiver of all non-jurisdictional effects, including the right to a speedy trial. *Cox v. Lockhart*, 970 F.2d 448, 453 (8th Cir. 1992) (citing *Becker v. Nebraska*, 435 F.2d 157 (8th Cir. 1970)). *See also Barnes v. Dormire*, No. 4:10CV0443 JAR, 2013 WL 530907, at *2 (E.D. Mo. Feb. 12, 2013) (holding that a habeas petitioner had waived a speedy trial claim by knowingly and voluntarily pleading guilty). The Missouri state courts found that Petitioner's guilty plea was entered knowingly, intelligently, and voluntarily. Petitioner's only challenge to that finding was addressed and rejected in Ground One. Thus, even assuming that Petitioner is alleging a violation of his right to a speedy trial under the Sixth Amendment, that claim must be denied.

For the above reasons, Ground Two will be denied.

### C. Ground Three: Conflict of Interest—Pre-Trial Continuance Against Petitioner's Expressed Wishes

In Ground Three, Petitioner alleges that his plea counsel had a "conflict of interest" because his plea counsel requested and received a continuance of Petitioner's original February 14, 2011 trial date, despite the fact that Petitioner did not want a continuance. Pet'n, Doc. 1, at 8. The Court construes this as an ineffective assistance of counsel claim. Petitioner raised this argument in his *pro se* motion for post-conviction relief, Resp't Ex. A, at 31, but it was not included in his amended motion filed by appointed counsel, Resp't Ex. A, at 44-53. Thus, Petitioner's claim is procedurally defaulted based on Petitioner's failure to properly present the claim to the motion court. *See Interiano v. Dormire*, 471 F.3d 854, 856-57 (8th Cir. 2006) (claims included in *pro se* motion for post-conviction relief under Rule 29.15, but not included in amended motion by appointed counsel or in an appeal from denial of that motion, are procedurally defaulted); *Wills v. State*, 321 S.W.3d 375, 386-87 (Mo. Ct. App. 2010) (under

Missouri law, claims included in a *pro se* motion for post-conviction relief but not in a subsequent amended motion were "not properly before the motion court because they were a nullity"). Petitioner does not argue that there is cause to excuse this procedural default, nor does he assert that a fundamental miscarriage of justice would occur if the Court did not address the claim. Thus, this Court is barred from granting relief to Petitioner on this claim.

Even assuming, *arguendo*, that this claim was not procedurally defaulted, it would be denied because it is without merit. Even assuming that Petitioner could show deficient performance, Petitioner has not offered any facts or argument to support a finding of prejudice from the alleged error—that is, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Petitioner does not offer, and the record does not reveal, any basis for a finding that Petitioner would not have pleaded guilty had his trial date not been delayed by approximately four months from the originally scheduled trial date. The court notes that when Plaintiff was asked about his plea counsel's performance during the plea hearing, Petitioner did not argue that he was displeased about plea counsel's request for a continuance; to the contrary, he stated that he wished his plea counsel could have "just spent more time" on the case and had done "further investigation." Guilty Plea Tr. 11, 16.

For all of the above reasons, Petitioner is not entitled to relief on Ground Three, and Ground Three is denied.

IV. **CONCLUSION**

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of

appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that reasonable jurists could not differ on Petitioner's claims, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Leonard C. Gilliam's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of September, 2017.